IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELSA CRUZ & ORLANDO MONTOYA**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2871-L** |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss, filed December 19, 2011. No response was filed by Plaintiffs to the motion. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **grants** Defendant CitiMortgage, Inc.'s Motion to Dismiss, and **dismisses with prejudice** Plaintiffs' claims for violations of the Texas Debt Collection Practices Act ("TDCPA"), set aside of the nonjudicial foreclosure sale, trespass to try or quiet title, and declaratory judgment. As explained herein, the court also moves *sua sponte* for dismissal of Plaintiffs' loan modification claim and will delay ruling on Plaintiffs' request for injunctive relief until after Plaintiffs file a response to the court's *sua sponte* motion.

## I.     Factual and Procedural Background

Plaintiffs Elsa Cruz and Orlando Montoya (collectively, "Plaintiffs") brought this lawsuit against CitiMortgage, alleging claims for: trespass to try and quiet title, TDCPA violations, and set aside of the substitute trustee's nonjudicial foreclosure sale. Plaintiffs also seek a declaration that the Note and Deed of Trust were not lawfully transferred or assigned, that CitiMortgage does not

have standing to declare a default of the Note and foreclose on the property, that the substitute

trustee's nonjudicial foreclosure sale was invalid, and that CitiMortgage is not the lawful owner of

the property and not entitled to possession.  In addition, Plaintiffs seek injunctive relief to prevent

CitiMortgage from taking possession of their home located in Carollton, Texas.

The action was originally filed on September 26, 2011, in the 193rd Judicial District Court

of Dallas County, Texas, and removed to federal court on October 25, 2011.  On December 23, 2002,

Plaintiffs entered a first lien note ("Note") with First Preference Mortgage Corporation for $119,842

and executed a deed of trust ("Deed of Trust") for the benefit of Mortgage Electronic Registration

Systems, Incorporated ("MERS").   In 2011, CitiMortgage purchased the property through a

foreclosure sale and initiated a forcible detainer action in the Justice Court, Precinct 3, Place 3 of

Dallas County, Texas.  Plaintiffs contend that the sale or assignment is not valid because the Note

and Deed of Trust were separated or split with one party holding the Note and another holding the

Deed of Trust.  Alternatively, Plaintiffs contend that they entered into a trial modification of the

Note, and made payments pursuant to the trial modification agreement but were denied the

opportunity to enter into a permanent loan modification agreement.

## II.      Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129

S.Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004).

When "the interpretation of a contract is at issue, a court is 'not constrained to accept the

allegations of the complaint in respect of the construction of the Agreement,' although all contractual

ambiguities must be resolved in the plaintiff's favor."  *Banks v. Correctional Servs. Corp.*, 475 F.

Supp. 2d 189, 195 (E.D.N.Y. 2007) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*,

62 F.3d 69, 72 (2d Cir. 1995)).  Because contract construction is generally decided as a matter of

law, interpretation of a contract is generally suitable for disposition on a motion to dismiss for failure

to state a claim upon which relief can be granted.  *Reinhardt v. Wal-Mart Stores, Inc.*, 547 F. Supp.

2d 346, 353 (S.D.N.Y. 2008) (quoting *Revson v. Cinque & Cinque*, 221 F.3d 59, 66 (2d Cir. 2000),

and *OBG Tech. Servs. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 514

(D. Conn. 2007)).  CitiMortgage has moved to dismiss all of Plaintiffs' claims under Rule 12(b)(6).

## III.   Analysis

### A.   Split the Note Theory

CitiMortgage contends, and the court agrees, that there is no merit to Plaintiffs' argument that

the deed of trust and note were "split," making the foreclosure defective.  *See, e.g., Cannon v. JP*

*Morgan Chase Bank, N.A.*, No. 4:11-CV-458, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011)

("[A] transfer of an obligation secured by some note also transfers the note because the deed of trust and note are read together to evaluate their provisions. . . . In short, there is no merit to Plaintiffs' argument that the Deed of Trust and Note were split, rending any attempted foreclosure defective.") (quotations and citations omitted)); *Defrancheschi v. Wells Fargo Bank, N.A.*, No. 4:10-CV-455-Y, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011).  Moreover, Plaintiffs do not allege that they performed under the Note or Deed of Trust, and they acknowledge that the property was transferred to CitiMortgage but contend merely that the assignment was invalid because the Note and Deed were split.  Accordingly, Plaintiffs' claims on this ground fail to state a claim upon which relief can be granted.

### B.       Transfer of Property to CitiMortgage - Request for Declaratory Judgment

Plaintiffs contend that Note and Deed of Trust were not lawfully transferred and assigned to CitiMortgage.  Plaintiffs further contend that CitiMortgage did not have standing or the legal right to declare a default in payment of the Note, accelerate the maturity of the Note, appoint a substitute trustee under the Deed of Trust, or request the substitute trustee to conduct a nonjudicial foreclosure sale of the property.  As a result, Plaintiffs argue that CitiMortgage did not lawfully acquire the property by the substitute trustee's deed and seek a declaratory judgment that states as much.  The court disagrees.

Plaintiffs acknowledge that MERS initially held the Deed of Trust, and the Deed of Trust itself reflects that MERS was the "nominee for Lender and Lender's successors and assigns" and had the right to foreclose and sell the property at issue and take any action necessary, including but not limited to releasing or canceling the Deed of Trust.  Accordingly, the Deed of Trust, on its face, granted MERS a right to foreclose on Plaintiffs' default, a right that CitiMortgage would have

acquired via MERS's transfer of its interest in the nonjudicial foreclosure sale.   As the new

mortgagee, CitiMortgage therefore had the right to sell and foreclose on the property.   *See Wigginton*

*v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7,

2011).   Moreover, as noted above, Plaintiffs do not allege that they performed under the Note or

Deed of Trust.   Consequently, Plaintiffs have failed to state a claim on this ground upon which relief

can be granted and are not entitled to a declaratory judgment.   Having determined that MERS and

CitiMortgage had the right to sell and foreclose on the property, the court need not address

CitiMortgage's alternate ground for dismissal based on Plaintiffs' standing to challenge the sale or

transfer of the property.

### C.       Trespass to Try and Quiet Title

Trespass to try title suits are governed by Chapter 22 of the Texas Property Code and "is the

method of *determining* title to lands, tenement, or other real property." Tex. Prop. Code Ann. §

22.001(a) (emphasis added); *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).   In such a suit,

the plaintiff "must recover on the strength of his own title" and cannot rely on the weaknesses of the

defendant's title.   *Id.*   To prevail, the plaintiff usually must: "(1) prove a regular chain of

conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title

by limitations, or (4) prove title by prior possession coupled with proof that possession was not

abandoned."   On the other hand, a suit to quiet title "is an equitable action that involves *clearing* a

title of an invalid charge against the title." *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex.

App.—San Antonio 2009, pet denied) (quoting *A.I.C. Mgt. v. Crews*, No. 01–03–01178–CV, 2005

WL 267667, at *3 n.8 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005), *rev'd on other grounds*, 246

S.W.3d 640 (Tex. 2008)) (emphasis in original).   The elements of the cause of action to quiet title

are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App.—Texarkana 1991, writ denied). The plaintiff has the burden of establishing his "superior equity and right to relief," and like a suit for trespass to try title, the plaintiff must rely on the strength of his or her own title, not the weaknesses of the defendant's title. *See Hahn v. Love*, 321 S.W.3d 517, 532 (Tex. App.—Houston [1st Dist.] 2009, pet denied). In other words, the plaintiff must prove his "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Id.*

Plaintiffs contend that they "are, have always been, and remain the lawful owner of the Property," and as previously noted, Plaintiffs allege that they purchased the property and executed a Deed of Trust in December 2002, for the benefit of MERS to secure payment of the Note. Pls.' Compl. 5. Plaintiffs, however, do not allege that they were current on their mortgage loan payments at the time of the nonjudicial foreclosure sale of the property in July 2011. Moreover, Plaintiffs' contention that the assignment to CitiMortgage is invalid is based on standing and a split-the-note theories already rejected by the court. Thus, Plaintiffs have not alleged facts, which if proven, would establish their superior title or the alleged invalidity of CitiMortgage's title. Plaintiffs have therefore failed to state a claim for trespass to try and quiet title upon which relief can be granted.

### D.    TDCPA Claim

CitiMortgage contends that dismissal of Plaintiffs' TDCPA claim is likewise flawed, because their allegations with regard to this claim is at best a recitation of the statute without any factual basis. The TDCPA permits a consumer to sue for threats, coercion, harassment, abuse,

unconscionable collection methods, or misrepresentations made in connection with the collection of a debt. Tex. Fin. Code Ann. § 392.001, *et seq*. (West 2006).  The TDCPA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor" and has been held to apply to foreclosures on real property. § 392.001(5); *see Biggers v. BAC Home Loans Servicing*, LP, 767 F. Supp. 2d 725, 731 (N.D. Tex. 2011).   Section 392.304 relied on by Plaintiffs prohibits a debt collector from using fraudulent, deceptive, or misleading representations in collecting on debts and obtaining information concerning a consumer.  § 392.304.   Plaintiffs do not allege facts regarding their consumer status and merely allege in conclusory fashion that CitiMortgage "misrepresented the character, extent, or amount of a debt against a consumer."  The court concludes that such conclusory allegations are insufficient to survive dismissal under Rule 12(b)(6).

### E.     Request to Set Aside Substitute Trustee's Nonjudicial Foreclosure Sale

CitiMortgage contends that Plaintiffs are not entitled to have the foreclosure sale set aside because they have not alleged that they have tendered or stand willing to tender the borrowed funds back to the lender.  The court agrees.  *See Willoughby v. Jones*, 251 S.W.2d 508, 509-10 (1952) (holding that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("[A] necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note."); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied) (holding that because the plaintiff failed to tender the amounts due and owing under the note and deed of trust, he was not entitled to set aside the sale

or rescission).  The court therefore concludes that Plaintiffs have failed to state a claim upon which relief can be granted.

## IV.      Modification Agreement - the Court's *Sua Sponte* Motion for Dismissal

CitiMortgage does not address Plaintiffs' alternative argument that they entered into a trial modification of the Note, made payments pursuant to the trial modification agreement, but were denied the opportunity to enter into a permanent loan modification agreement.  The court nevertheless moves *sua sponte* for dismissal of this claim because no factual allegations other than this are included in Plaintiffs' pleadings.

Plaintiffs' loan modification claim appears to be based on the Home Affordable Modification Program ("HAMP").  The vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent HAMP modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers.  *See Geske v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:11-CV-3337-L, 2012 WL 1231835, at *6 (N.D. Tex. Apr. 12, 2012)*; Pennington v. HSBC Bank USA, Nat'l Ass'n*, No. A-10-CA-785 LY, 2011 WL 6739609, at *5 (W.D. Tex. Dec. 22, 2011); *Bourdelais v. J.P. Morgan Chase*, No. 3:10-CV-670-HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (citing cases).  Moreover, even assuming that Plaintiffs have stated a valid claim for breach of the temporary modification agreement or any promise to offer them a permanent loan modification, any claim for specific performance still fails, because Plaintiffs do not allege that they cannot be compensated by monetary damages for their alleged loss.  *See Geske*, 2012 WL 1231835, at *6.  The court therefore concludes that Plaintiffs' HAMP claim fails as a matter of law and should be dismissed.

## V.      Injunctive Relief

CitiMortgage contends that because Plaintiffs have asserted no viable causes of action, their request for injunctive relief fails.   There are four prerequisites for the extraordinary relief of a preliminary injunction.   A court may grant a preliminary injunction only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Florida  v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)).   The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted.   *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.   Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621.   Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains

discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

Plaintiffs have not come forward with any evidence to satisfy the foregoing requirements for injunctive relief; however, in light of the court's *sua sponte* motion regarding Plaintiffs' HAMP claim that was not addressed in CitiMortgage's motion, the court will delay ruling on this issue until after the deadline set herein for Plaintiffs' response to the court's motion.

## VI.   Amendment of Pleadings

Plaintiffs did not file a response to CitiMortgage's motion or request to amend their pleadings.  The court therefore concludes they have pled their best case and granting leave to amend would be futile and cause needless delay.  Amendment will therefore not be permitted as to the grounds upon which CitiMortgage moved for dismissal. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## VII.   Conclusion

For the reasons herein stated, the court concludes that Plaintiffs have failed to state claims upon which relief can be granted for TDCPA violations, set aside of the nonjudicial foreclosure sale, trespass to try or quiet title, and declaratory judgment.  The court therefore **grants** Defendant CitiMortgage, Inc.'s Motion to Dismiss and **dismisses with prejudice** Plaintiffs' claims for TDCPA violations, set aside of the nonjudicial foreclosure sale, trespass to try or quiet title, and declaratory judgment.

Still outstanding is Plaintiffs' request for injunctive relief and HAMP claim, as well as the court's *sua sponte* motion to dismiss Plaintiffs' HAMP claim.  Plaintiffs are **directed** to file a response to the court's *sua sponte* motion regarding dismissal of their HAMP claim by  **1 p.m.** on **May 31, 2012**.  CitiMortgage is directed **not** to file a responsive brief unless ordered by the court to do so.  The court will delay ruling on Plaintiffs' request for injunctive relief until after the deadline set herein for Plaintiffs' response to the court's *sua sponte* motion.  Failure to respond to the court's *sua sponte* motion as directed subjects these claims to dismissal for failure to state a claim upon which relief can be granted or for failure to comply with a court order pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure.

**It is so ordered** this 21st day of May, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 12**